### JOHNS–PRATT CO. v. SACHS CO. et al.

(Circuit Court, D. Connecticut. March 4, 1910.)

Nos. 1,305, 1,306.

1. MONOPOLIES (§ 21*)—INFRINGEMENT—SUIT IN EQUITY—DEFENSES.
    That a holder of a patent is a party to an unlawful conspiracy, which tends to restrain trade and oppress the defendants in their business, does not afford a defense to a suit for infringement of the patent.
    [Ed. Note.—For other cases, see Monopolies, Dec. Dig. § 21.*]

2. EQUITY (§ 264*)—PLEADING—MOTION TO STRIKE OUT PART OF PLEADING.
    In a suit in equity for infringement of a patent, a paragraph of the answer alleging that complainant is a party to an unlawful conspiracy, which tends to oppress defendants in their business, will be stricken out on motion.
    [Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 536–540; Dec. Dig. § 264.*]

In Equity. Action by the Johns-Pratt Company against the Sachs Company and another. Heard on motion to strike out a paragraph of the answer. Granted.

See, also, 168 Fed. 311.

The following is one of the paragraphs of the answer:

"(15) And these defendants, further answering on information and belief, say: That since November 14, 1905, and in or about the year 1907, the complainant, said the Johns-Pratt Company, wrongfully and illegally combined, conspired, and confederated against these defendants, and each of them for the purpose of wrongfully harassing and oppressing. them in their lawful trade and business, diminishing the profits thereof, and destroying the same, with the General Electric Company, a corporation of New York, doing business at Schenectady, New York, the Westinghouse Electric & Manufacturing Company, a corporation of Pennsylvania, doing business at Pittsburg, Pennsylvania, the Bryant Electric Company, a corporation of Connecticut, doing business at Bridgeport, Connecticut, and the D. & W. Fuse Company, a corporation of Rhode Island, doing business at Providence, Rhode Island. That said complainant company, together with said named confederating companies, are all engaged in the manufacture and sale of protective devices similar in their general kind to the manufacture of defendants, and that said companies control a large proportion, to wit, about seventy-five per cent. of all the goods of that class sold in the United States. That pursuant to such wrongful conspiracy and confederation said named confederating companies entered into an agreement with each other by which, among other things, it was agreed in substance that the entire business of the said parties should be allotted to them severally, each to have its certain percentage of the whole, whether in any given period it actually sold more or less than such percentage; that uniform prices should be obligatory upon all of said parties; that any and all letters patent pertaining to the said fuse or protective device business of said parties should be amalgamated in the joint interest, and licenses thereunder from each of said parties to the others be interchanged at nominal figures; that a commissioner should be, and was, designated, who

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

should have and receive reports as to prices, business done, etc., and have power to control said business and to settle disputes, if any, between the parties; that a fund should be established by payment thereinto by each of said parties severally of sums agreed upon; that alleged infringers of said patents, or any of them, might be sued; that the expenses of such litigation should be borne by such common fund; that the recoveries from such litigation, if any, should be divided among said parties severally pro rata to the contribution severally to said common fund; that the title to said letters patent should remain as it was in said parties severally, but that the entire control of litigation under said patents, as to the instigation of the same, settlement, etc., should be and was vested in a committee made up of representatives of said parties, or some of them: that the question as to whether such suits should or should not be brought was relinquished by said parties severally and vested in said committee. That pursuant to said wrongful conspiracy and confederation said named companies wrongfully agreed and conspired together and fixed prices, not only on fuses and fuse appliances alleged to embody such letters patent, or any of them, but on such devices as did not embody the inventions of any existing patent. That pursuant to said unlawful conspiracy and confederation it has been the purpose of said named parties, avowed to the trade and customers of these defendants, to put these defendants out of business by the establishment and maintenance of ruinous prices, by the instigation and maintenance through various counsel of a multiplicity of suits simultaneously against said defendants or the customers of said defendant corporation, and by threats and intimidation. That pursuant to said unlawful conspiracy and confederation said named companies, acting jointly as herein set forth, have maintained and brought some thirteen suits against said defendant corporation or its customers. That pursuant to said conspiracy and unlawful confederation said named companies, acting jointly, have for the time being ruinously lowered prices on the goods involved, for the purpose of and with the intent of depriving defendants of their trade and business and wrongfully destroying the same, said prices to be thereafter by said parties raised to normal or higher level. That pursuant to said conspiracy threats have been made against the customers of said defendant corporation, and false reports as to said defendant corporation and its business have been spread. That the bringing and prosecution of said suits, including this suit, is the result of and for the purpose of carrying out said unlawful conspiracy and the unlawful agreements thereunder. That said unlawful conspiracy and confederation, and the acts thereunder, has caused and is causing these defendants, and each of them, great and irreparable damage and injury. That the object of said unlawful conspiracy and confederation is the wrongful crippling of said defendants in their said business and its ultimate destruction, the unlawful restraint of trade in the devices and appliances referred to, and the wrongful and illegal monopolizing in said named companies of all, or substantially all, of the said business in the United States. Wherefore said bill of complaint is without equity and should be dismissed."

Wetmore & Jenner and Oscar W. Jeffery, for complainant.

Bartlett, Brownell & Mitchell and Henry B. Brownell, for defendants.

PLATT, District Judge. The paragraph of the answer above set forth is the cause of this contention. It has been excepted to as impertinent, and a motion to strike it out has also been entered, charging that it is impertinent, immaterial, and irrelevant. The question of law which stares us in the face is this: Does an allegation that the complainant is a party to an unlawful conspiracy, which tends to restrain trade and oppress the defendant in its business, afford any defense to a suit for the infringement of letters patent, the title to which is vested in the complainant?

This question has been answered in the negative by the courts with

such unanimity and decisiveness that it would be wasted energy for me to do more than cite National Folding Box & Paper Co. v. Robertson (C. C.) 99 Fed. 985, in which my very dear friend, the late Judge Townsend, examined the matter with care. I trust that no one will deem it indelicate on my part to avail myself of his efforts. At the hearing last fall no attempt was made by counsel for the defendants to analyze and explain the weakness of the decisions; but it was contended that, if the paragraph should be stricken out, the rights of the defendants on final hearing would be curtailed.

I am not of that opinion. To leave the paragraph in, because it sets up an alleged substantive defense, which has been, time and again, decided by the courts to be a futile defense, would be, to my mind, an idle thing and a travesty. If it shall so happen that upon final hearing the issues shall be decided against the defendants, it seems to me to be obvious that the action of the court with regard to the objectionable paragraph, if wrong, could be remedied on appeal.

The motion to strike out is granted.

This ruling applies, mutatis mutandis, to the similar motion in No. 1,306.